Diane F. DELYANIS, Plaintiff,

v.

DYNA–EMPIRE, INC., Jim Spagnolo, Pat McCarthy, Regina B. Weller, Officially and Individually, John Does 1 through 100, Individuals Whose Identities are Currently Unknown, Defendants.

No. CV 05–5505(ADS)(ETB).

United States District Court, E.D. New York.

Nov. 30, 2006.

Weitz & Luxenberg, P.C. New York, NY (Hannah S. Lim, of counsel), for Plaintiff.

Klein, Zelman, Rothermel & Dichter, L.L.P. New York NY (Jane B. Jacobs, Khristan A. Heagle, of counsel), for Defendants.

SPATT, District Judge.

Diane F. Delyanis ("Delyanis" or the "Plaintiff") commenced this action alleging that Dyna–Empire, Inc. ("Dyna"), Jim Spagnolo, Pat McCarthy, Regina B. Weller and John Does 1 through 100 (collectively, the "Defendants") discriminated against her on the basis of her age and alleged disability and retaliated against her in violation of federal and state law. Presently before the Court is a motion by the Defendants to enforce an alleged settlement agreement between the parties.

## I. BACKGROUND

In November 2005, the Plaintiff filed the complaint in this action alleging that the Defendants, her employer and various supervisory employees, discriminated against her on the basis of her age and disability. In April 2006, the case was referred to mediation. The parties selected A. Jonathan Trafimow, Esq. from the Court's panel of mediators.

On May 19, 2006, the parties attended a mediation session with Mr. Trafimow. By the end of the day, the parties reached an agreement to settle the case. The mediator, in a handwritten note, recorded the parties' agreement and titled the document "Agreement to Settle." However, the mediator noted that "[w]hile not intended to be a legally enforceable settlement agreement, the parties have agreed to resolve the case of *Delyanis v. Dyna–Empire, Inc. et al.* pursuant to the following terms." The mediator documented the essential settlement terms that the parties had agreed to during mediation.

The handwritten settlement agreement was signed by the mediator; Hannah S. Lim, the attorney for the Plaintiff; the Plaintiff Diane F. Delyanis; Jane B. Jacobs, the attorney for the Defendants; and Patrick McCarthy, the Chief Executive Officer of the Defendant Dyna–Empire, Inc. A copy of the handwritten agreement is attached to this Memorandum of Decision and Order and marked appendix A.* Pursuant to the Agreement to Settle, the Defendants agreed to pay a total of $67,500, as follows: $5,000 as back pay; $42,500 as compensatory damages; and $20,000 to the Plaintiff's counsel as attorneys' fees. The Agreement to Settle further provided "Plaintiff agrees to execute a settlement agreement, drafted by Defendants ..." In the Agreement to Settle, the Plaintiff specifically agreed to indemnify the Defendants for tax liability and to release all claims against named and unnamed Defendants.

On May 22, 2006, the mediator e-mailed counsel for all parties inquiring as to whether he could report to the Court that the case had settled. That same day, the Plaintiff's attorney, Hannah S. Lim, responded to the mediator's e-mail, stating that the mediator could represent to the Court that the case had settled. Specifi-

cally, Ms. Lim stated "[y]es, thank you so much for your assistance. I sent [the defendants' counsel] an e-mail earlier today and am waiting for a proposed copy of the settlement agreement." Ms. Lim also sent this e-mail to the Defendants' counsel.

Thereafter, the Defendants forwarded a Settlement Agreement and Release to the Plaintiff's counsel, incorporating the terms set forth in the Agreement to Settle. By telephone call, the Plaintiff's counsel requested the following changes to the Settlement Agreement and Release: (1) that the $42,500 payment to the Plaintiff be designated as compensation for emotional distress; (2) deletion of any provision regarding the Plaintiff's responsibility to indemnify the Defendants for tax liability; (3) revision of the release language so that the Plaintiff would only release known claims; and (4) deletion of the language providing that the Plaintiff would return the settlement sum if she breached the agreement.

On May 25, 2006, via letter, the Defendants agreed to designate the payment as compensation for emotional distress. The Defendants further agreed to alter the language regarding the release of known and unknown claims to instead provide for the release of the Defendants, as specified in the Agreement to Settle. The Defendants further agreed to delete the language regarding return of the settlement sum. However, the Defendants refused to delete the indemnification provision because the Plaintiff had agreed to that provision during mediation and in the Agreement to Settle.

On May 30, 2006 the Plaintiff's counsel informed the Defendants that the Plaintiff was no longer interested in settling the case for the amount discussed because the Plaintiff had discovered that the settle-

* Editor's Note: Appendix A is not available for publication.

ment sum was taxable. The Plaintiff's counsel further informed the Defendants that the Plaintiff refused to indemnify the Defendants for tax liability. The Plaintiff's counsel stated that she did not consider the matter settled.

On June 13, 2006, the Plaintiff's counsel demanded a higher settlement sum and informed the Defendants that the Plaintiff would not settle with an indemnification provision. The Plaintiff's attorney renewed efforts to obtain discovery from the Defendants, and on June 22, 2006, the Plaintiff's counsel filed a motion to compel discovery, which is pending before Magistrate Judge Boyle.

Presently before the Court is the Defendants' motion to compel enforcement of the settlement. The Defendants argue that the parties clearly intended to settle the case, as is evident from the mediator's Agreement to Settle, as well as the Plaintiff's counsel's e-mail to the mediator confirming the settlement. In opposition to the motion, the Plaintiff argues that the only written agreement clearly states that it was not intended to be a legally enforceable document, and as a result, the parties are not bound by the agreement.

## II. *DISCUSSION*

Settlement agreements to end litigation are strongly favored by courts and are not lightly cast aside. *Willgerodt, on Behalf of Majority Peoples' Fund for 21st Century, Inc. v. Hohri,* 953 F.Supp. 557, 560 (S.D.N.Y.1997). Once reached by the parties, settlement agreements are binding and enforceable. *Janneh v. GAF Corp.,* 887 F.2d 432, 436 (2d Cir.1989) rev'd on other grounds by *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Reich v. Best Built Homes, Inc.,* 895 F.Supp. 47, 49 (W.D.N.Y.1995).

"A district court has the power to enforce summarily, on motion, a settle-

ment agreement reached in a case that was pending before it." *Comm'n Express Nat'l, Inc. v. Rikhy,* No. 03 cv 4050, 2006 WL 385323, at *2, 2006 U.S. Dist. LEXIS 8716, at *6 (E.D.N.Y. Feb. 17, 2006) (citing *Meetings & Expositions Inc. v. Tandy Corp.,* 490 F.2d 714, 717 (2d Cir.1974))(internal citations omitted).

"A settlement is a contract, and once entered into is binding and conclusive." *Little v. Greyhound Lines, Inc.,* No 04 cv 6735, 2005 WL 2429437, at *1, 2005 U.S. Dist. LEXIS 22247, at *3 (S.D.N.Y. Sept. 30, 2005) (citing *Janneh v. GAF Corp.,* 887 F.2d at 436). *See also Red Ball Interior Demolition Corp. v. Palmadessa,* 173 F.3d 481, 484 (2d Cir.1999) ("settlement agreements are contracts and must therefore be construed according to general principles of contract law"); *Goldman v. Commissioner of Internal Revenue,* 39 F.3d 402 (2d Cir.1994) ("As the settlement agreement constituted a contract, general principles of contract law must govern its interpretation"). Pursuant to New York law, to have a binding settlement agreement, there must be an offer, acceptance, consideration, mutual assent and intent to be bound. *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC,* No. 04 cv 1621, 2005 WL 1377853, at *4, 2005 U.S. Dist. LEXIS 11130, at *12 (S.D.N.Y. June 9, 2005) (citing *Register.Com, Inc. v. Verio, Inc.,* 356 F.3d 393, 427 (2d Cir.2004)).

"[A] 'preliminary agreement' is binding, despite the desire for a later formal document, 'when the parties have reached complete agreement (including the agreement to be bound) on all the issues perceived to require negotiation. Such an agreement is preliminary only in form-only in the sense that the parties desire a more elaborate formalization of the agreement. The second stage is not necessary; it is merely considered desirable.'" *Hostcentric,* 2005 WL at *5, 2005 U.S. Dist. LEXIS

at \*17 (quoting *Teachers Ins. & Annuity Ass'n v. Tribune Co.*, 670 F.Supp. 491, 498 (S.D.N.Y.1987)). In particular, the parties' intent to record an agreement in the future does not prevent contract formation before execution. *N. Fork Country, LLC v. Baker Publ'ns, Inc.*, 436 F.Supp.2d 441, 445 (E.D.N.Y.2006) (citing *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir.1985)). "The only essential prerequisite for a valid settlement agreement is that the parties assent to the terms and conditions of the settlement, and, where there is an oral settlement agreement, that the parties intend to be bound by it." *Id.*

■ In the present case, the Defendants argue that the Agreement to Settle, drafted by the mediator, as well as the e-mail from the Plaintiff's counsel to the mediator confirming the settlement, demonstrate that the parties reached a binding agreement to settle this litigation. The Plaintiff claims that the parties did not reach a binding settlement because the Agreement to Settle specified that it was not intended to be a legally enforceable contract.

In the Agreement to Settle the parties agreed to the basic terms of the settlement and further agreed to execute a formal agreement containing those terms. This agreement was signed by both sides and by their attorneys. Although that agreement demonstrates the parties' intent to settle the case, the Agreement to Settle specifically states that the parties did not intend to be bound by the preliminary agreement. Although such a contract, executed by the parties, would normally be demonstrative of the parties' intent and enforceable, this specific language limits the agreement. As a result, the Court finds that the Agreement to Settle was not an enforceable agreement.

However, following execution of the Agreement to Settle, the mediator contacted both parties to confirm that the case had settled and to determine whether he should inform the Court of the settlement. The Plaintiff's counsel e-mailed the mediator and the Defendants' counsel, affirming that the case had successfully settled and permitting the mediator to inform the Court of the settlement. Specifically, in response to the mediator's inquiry as to whether he could report the case as settled, the Plaintiff's attorney e-mailed stating "Yes, thank you so much for your assistance. I sent [the defendants' counsel] an e-mail earlier today and am waiting for a proposed copy of the settlement agreement." The Plaintiff's counsel's actions, as explained below, represent an affirmative acceptance of the settlement binding the Plaintiff.

■ "It is axiomatic that the decision to settle a case rests with the client." *Pereira v. Sonia Holdings (In re Artha Mgmt.)*, 91 F.3d 326, 329 (2d Cir.1996) (citing *Fennell v. TLB Kent Co.*, 865 F.2d 498, 501–02 (2d Cir.1989)). However, "because of the unique nature of the attorney-client relationship, and consistent with the public policy favoring settlements, we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so." *Id.*

In *Little v. Greyhound Lines, Inc.*, following mediation, the plaintiff's attorney and defense counsel signed an agreement indicating that the parties had reached a settlement through mediation. 2005 WL 2429437, at \*2, 2005 U.S. Dist. LEXIS at \*4–5. In addition, they initialed the essential terms of the agreement. The following day, the defendant forwarded a formal settlement agreement to the plaintiff "and the mediator notified the court of the settlement soon thereafter." *Id.* The Court upheld and enforced the settlement finding that "[i]f an attorney has apparent authority to settle a case, and the opposing counsel has no reason to doubt that authority,

the settlement will be upheld." *Id.* (citing *Janneh*, 887 F.2d at 436).

 In the present case, Attorney Lim attended the mediation, provided representation to the Plaintiff and affirmatively agreed to the settlement on behalf of the Plaintiff by signing the agreement to settle. Ms. Lim made these representations to the mediator, as well as to the Defendants' counsel. As a result, this Court finds that Ms. Lim had the authority to enter a settlement on behalf of the Plaintiff.

 Although the parties executed a settlement agreement in this case, the agreement stated that it was not intended to be legally enforceable. As a result, this Court will examine the parties' intent with regard to this purported settlement. "Under New York law, parties are free to enter into a binding contract without memorializing their agreement in a fully executed document. This freedom to contract orally remains even if the parties contemplate a writing to evidence their agreement. In such a case, the mere intention to commit the agreement to writing will not prevent contract formation prior to execution." *Winston*, 777 F.2d at 80. This Court utilizes a four part test to determine whether parties intend to be bound by a settlement agreement in the absence of an executed document. *Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 323 (2d Cir.1997) (citing *Winston*, 777 F.2d at 80). "We must consider (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Id.* Although no single factor is decisive, each factor provides guidance to the Court. *Id.* In addition, the Court

should consider a fifth factor, fundamental fairness. *Walker v. City of New York*, No. 05 cv 0004, 2006 WL 1662702, at *9–10, 2006 U.S. Dist. LEXIS 34345, at *26–27 (E.D.N.Y. June 15, 2006); *Conway v. Brooklyn Union Gas Co.*, 236 F.Supp.2d 241, 252 (E.D.N.Y.2002).

In the present case, in her May 22, 2006, email to the mediator and the Defendants' counsel, Ms. Lim affirmatively stated that the case was settled and that the mediator could inform the Court of the settlement. Although Ms. Lim stated that she was awaiting receipt of a copy of the Settlement Agreement and Release from the Defendants' counsel, she did not expressly reserve the right not to be bound in the absence of an executed writing. Although there was no partial performance of the agreement, following mediation, the mediator and the parties believed that the essential terms of the Settlement Agreement had been agreed upon and recorded in the Agreement to Settle. Although this type of agreement is normally committed to a formal writing, this Court finds that the factors weigh in favor of an enforceable settlement agreement.

The parties spent a day with a Court appointed mediator and were provided ample time to discuss settlement issues with the mediator and their attorneys. The Plaintiff agreed to the essential terms of the agreement during mediation in writing. Thereafter, the Plaintiff's counsel affirmatively represented that the matter had been settled, pursuant to the terms agreed upon at mediation. The Plaintiff and her counsel represented at various times that the matter was, in fact, settled. The actions of the Plaintiff and her counsel throughout these proceedings demonstrate their objective intent to settle this matter, despite their later protestations. *Walker*, 2006 WL 1662702, at *6–7, 2006 U.S. Dist. LEXIS at *17 (In order to determine par-

ties' intent to settle a case, the Court must look, "not to their after-the-fact professed subjective intent, but their objective intent as manifested by their expressed words and deeds at the time.") (citing *Hostcentric*, 2005 WL 1377853, at *6, 2005 U.S. Dist. LEXIS at *15).

Moreover, Ms. Lim's email settlement acceptance is sufficient to bind the Plaintiff. In *Hostcentric*, the Court determined that the parties' emails demonstrated their intent to be bound by a settlement agreement and representation to the Court that the matter was settled was "further evidence of [the parties'] intent to be bound." 2005 WL 1377853, at *3–5, 2005 U.S. Dist. LEXIS at *14–15 (The plaintiff accepted the offer and stated that the matter was settled. The defendant then reported to the Court that the matter was settled which was further evidence of the plaintiff's intent to be bound).

■ The Court finds that Ms. Lim's email to the mediator and the Defendants' counsel was an affirmative acceptance of the written settlement agreement reached during mediation. Accordingly, the Defendants' motion to enforce the settlement is granted.

### III. *CONCLUSION*

Based on the foregoing reasons, it is hereby

**ORDERED,** that the Defendants' motion to enforce the settlement agreement is **GRANTED;** and it is further

**ORDERED,** that the case is marked settled subject to the terms of the settlement agreement and the Clerk of Court is directed to close this case.

**SO ORDERED**