Miok MIN and Jae Hong
Min, Plaintiffs

v.

TARGET STORES, Defendant.

No. 06–CV–1103 (SLT)(KAM).

United States District Court,
E.D. New York.

April 15, 2008.

Jeffrey L. Lessoff, Lessoff & Berger, New York, NY, for Plaintiffs.

John P. Connors, Jr., David S. Heller, Robert Joseph Pfuhler, Susan Elizabeth O'Shaughnessy, Connors & Connors, P.C., Staten Island, NY, for Defendant.

### MEMORANDUM and ORDER

TOWNES, District Judge.

Before this Court is the Report and Recommendation of Magistrate Judge Kiyo A. Matsumoto, dated March 4, 2008 (the "R & R"), regarding the motion of defendant Target Stores ("Target" or "Defendant") to enforce a settlement agreement that it contends was reached between it and plaintiffs Miok Min ("Mrs. Min") and her spouse, Jae Hong Min ("Mr. Min") (collectively, "Plaintiffs"),[1] at a settlement conference before Judge Matsumoto on May 18, 2007.[2] At the conference, according to Defendant, Mrs. Min agreed to dismiss this action in exchange for $40,000.00. In the R & R, Judge Matsumoto recommended that this Court deny Defendant's motion.

On March 14, 2008, Defendant filed objections to certain parts of the R & R pursuant to Fed.R.Civ.P. 72(b).[3] In accordance with 28 U.S.C. § 636(b)(1), this Court reviews *de novo* those portions of the R & R to which Defendant objects. After carefully reviewing Defendant's objections, for the reasons set forth below, this Court adopts the R & R in its entirety.

### DISCUSSION

For purposes of this Order, familiarity with the facts of the case is presumed, and the Court refers the parties to the facts as stated in the R & R. Defendant has objected to the R & R in three respects. First,

---

1. Although Mr. Min is also a plaintiff in this action, his only claim for relief is the dependent claim of deprivation of services and society. *See* Am. Compl. ¶ 14.

2. Around the same time that Defendant moved to enforce the settlement agreement, on September 28, 2007, Plaintiffs' then-counsel, Jeffrey Kim, Esq., moved to withdraw from representing Plaintiffs. Prior to granting Mr. Kim's motion to withdraw, Judge Matsumoto directed him to file an affirmation regarding various issues concerning the May 18, 2007 settlement conference. On October 8, 2007, Mr. Kim filed an affirmation, and on the same date, he was relieved as counsel for Plaintiffs. Plaintiffs' submissions opposing Defendant's motion were filed by their new counsel, Jeffrey Lessoff, Esq., who continues to represent Plaintiffs in this action.

3. On April 3, 2008, Plaintiffs filed a response to Defendant's objections, and Defendant subsequently submitted a reply. However, pursuant to Fed.R.Civ.P. 72(b)(2) and Local Rule 6.1(b), Plaintiffs were required to submit a response, if any, on or before March 31, 2008. *See* Fed.R.Civ.P. 6(a) and 6(e); *see also Dreyer v. Ryder Automotive Carrier Group, Inc.*, 367 F.Supp.2d 413, 415–16 (W.D.N.Y.2005). Accordingly, the Court will not consider Plaintiffs' untimely response or Defendant's subsequent reply.

Defendant contends that Judge Matsumoto incorrectly found that Mrs. Min stated, at a conference held on September 19, 2007, that she was pressured into a settlement and sought to substitute counsel. Although Defendant disputes that Mrs. Min made any such claims at the conference, the minute entry for that date clearly indicates that Mrs. Min raised these issues with Judge Matsumoto.

■ Second, Defendant argues that the R & R suffers from three logical errors given certain findings of fact and the ultimate recommendation that the motion be denied. Its contentions regarding all three of these purported errors are without merit. Defendant first argues that the R & R correctly discounted the translating abilities of Mrs. Min's counsel since she had a friend serve as a translator. According to Defendant, the R & R should have taken the next logical step, which is to state that any issues Mrs. Min has regarding the adequacy of the translations she received should be raised as claims against her attorney or translator, not Defendant. However, Defendant's argument fails to recognize that the settlement agreement is not enforceable unless both parties assented to its terms, *see Powell v. Omnicom*, 497 F.3d 124, 128–29 (2d Cir. 2007); *Duff v. Commissioner Suffolk County Police Dept.*, No. 04–CV–1568, 2007 WL 4373444, at *3 (E.D.N.Y. Dec. 10, 2007), and any difficulties Mrs. Min had understanding the settlement negotiations would clearly affect the adequacy of her assent.

■ Defendant next argues that Mrs. Min's failure to complain about her physical condition during the settlement negotiations demonstrates that such complaints now are unreliable. The Court has no recordings or transcriptions of the May 18 settlement conference, and it cannot determine the exact nature of Mrs. Min's competency during the conference. However, Mrs. Min has submitted an affidavit, averring that she was significantly impaired during those proceedings. This Court will not reject Mrs. Min's sworn statements to adopt Defendant's speculation regarding her condition.[4]

Finally, Defendant contends that Judge Matsumoto committed an error of logic when she concluded that Mrs. Min's then-counsel's ability to speak and understand Korean was irrelevant since she had a translator, while also concluding that a language barrier and Mrs. Min's lack of understanding support a finding that no enforceable agreement was reached. Even if the Court discounts the alleged language barrier Mrs. Min had with her counsel during the settlement conference, there is no evidence that Mrs. Min's selected translator, identified only as Mrs. Min's friend, had any formal training to adequately translate the settlement negotiations and legal discussions. Moreover, as with Defendant's other arguments attacking the logic behind the R & R, this argument also fails to recognize that the Court, on this motion to enforce a settlement agreement, is concerned with the adequacy of Mrs. Min's understanding of the proceedings and her assent to the agreement, not simply whether she could effectively communicate with her attorney. In determining whether the facts show that Mrs.

---

4. The Court notes that the only evidence that approaches an adequate retort to Mrs. Min's sworn statements is the affidavit of Mr. Kim, her former counsel. Without any specificity, he states that Mrs. Min has no factual basis for misunderstanding the discussions had at the May 18 conference. Affidavit of Jeffrey Kim, Esq. dated October 8, 2008 ("Kim Aff.") ¶ 9. Not only does the affidavit fail to provide the details Judge Matsumoto ordered Mr. Kim to provide, the affidavit also does not adequately dispute Mrs. Min's claims that she suffered from an impairment and translation difficulties at the conference.

Min entered into a binding agreement with Defendant, the Court must consider the adequacy of the translations she received, whether they came from her attorney or friend, since she avers that she relied exclusively on these translations at the May 18 conference.

 Defendant's final objection to the R & R is that Judge Matsumoto failed to apply controlling law in reaching her ultimate conclusion that Plaintiffs did not voluntarily agree to settle the action.[5] At the outset, it is clear that New York law applies in this diversity action, *see Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir.2005), and under New York law, "[a] settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell*, 497 F.3d at 128 (citing *Omega*, 432 F.3d at 443 (applying Connecticut law, which the Court identifies as identical to New York law)). "A party seeking to enforce a purported settlement agreement has the burden of ... demonstrat[ing] that the parties actually entered into such an agreement." *Benicorp Ins. Co. v. National Medical Health Card Systems, Inc.*, 447 F.Supp.2d 329, 335 (S.D.N.Y.2006); *see also Omega*, 432 F.3d at 447. To enforce the settlement agreement here, Defendant must demonstrate that all parties to the agreement "[had] legal capacity to negotiate, [did] in fact freely negotiate their agreement and either reduce[d] their stipulation to a properly subscribed writing or enter[ed] the stipulation orally on the record in open court." *Arthur the Dog v. U.S.*

*Merchandise Inc.*, No. 05–CV–0958, 2007 WL 2493427, at *4 (E.D.N.Y. Aug. 29, 2007) (quoting *McCoy v. Feinman*, 99 N.Y.2d 295, 302, 785 N.E.2d 714, 719, 755 N.Y.S.2d 693, 698 (2002), modified Mar. 21, 2003); *see also* N.Y. C.P.L.R. § 2104 ("An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.").

Here, although no evidence has been offered to demonstrate that the parties achieved a written agreement, there is evidence that the parties reached an agreement in open. *See Powell*, 497 F.3d at 129 (noting that "[p]arties may enter into a binding contract orally"). However, the absence of any recording or transcription of the May 18 settlement conference deprives this Court of the ability to examine the nature of Mrs. Min's assent. *See id.* at 131 ("The significance of announcing the terms of an agreement on the record in open court is to ensure that there are at least some formal entries ... to memorialize the critical litigation events, and to perform a cautionary function whereby the parties' acceptance is considered and deliberate"); *see also Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL–CIO*, 402 F.3d 314, 318–19 (2d Cir.2005) (per curiam) (relying upon statements made on the record, in open court, in finding that the parties' stipulation of dismissal was "voluntary,

---

**5.** Defendant contends that Judge Matsumoto erred in not applying the law articulated in *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir.1985) and *Walker v. City of New York*, No. 05–CV–0004, 2006 WL 1662702, at *6 (E.D.N.Y. June 15, 2006) to determine if Plaintiffs' counsel had authority to enter into a settlement agreement and whether Plaintiffs intended to be bound by an oral agreement, in the absence of a written agreement. How-

ever, contrary to Defendant's contentions, these authorities are not controlling. Although the *Winston* and *Walker* Courts did rule upon the issues denoted by Defendant, these issues are not currently before this Court. The issue that the Court is confronted with is more fundamental—whether Mrs Min's assent to the settlement agreement was sufficient to create a valid, enforceable agreement.

clear, explicit, and unqualified"); *Duff*, 2007 WL 4373444, at *3 (same).

Since Defendant has offered insufficient evidence to dispute Mrs. Min's claims regarding her physical condition and understanding of the proceedings, there is insufficient evidence of an enforceable agreement. The Court is mindful of this Circuit's strong public policy favoring the enforcement of settlement agreements, *see, e.g., Moore v. Consolidated Edison Co. of New York, Inc.*, No. 00 Civ. 7384, 2007 WL 2728657, at *4 n. 4 (S.D.N.Y. Sept. 19, 2007); *Delyanis v. Dyna–Empire, Inc.*, 465 F.Supp.2d 170, 173 (E.D.N.Y.2006), but the Court is not convinced that an enforceable agreement was reached between the parties. Accordingly, as recommended by Judge Matsumoto, Defendant's motion is denied.

### CONCLUSION

Upon due consideration, as set forth above, Defendant's objections are denied, and this Court adopts Judge Matsumoto's Report & Recommendation, dated March 4, 2008, in its entirety. Defendant's motion to enforce the settlement agreement, alleged to have been reached on May 18, 2007, is denied. The Clerk of Court is directed to restore this case to active status.

SO ORDERED.

### REPORT AND RECOMMENDATION

MATSUMOTO, United States Magistrate Judge.

On September 27, 2007, defendant Target Stores ("Target") filed a motion to enforce the settlement agreement that it asserts was reached between Target and plaintiff Miok Min ("Mrs.Min") and her husband, Jae Hong Min ("Mr.Min"), at a

settlement conference before the undersigned on May 18, 2007.[1] On October 24, 2007, the Honorable Sandra L. Townes, United States District Judge, referred Target's motion to enforce the settlement agreement to the undersigned, pursuant to 28 U.S.C. § 636(b), for the preparation of a report and recommendation. For the reasons set forth below, the court respectfully recommends that Target's motion to enforce the settlement agreement be denied.

### FACTS

Plaintiffs bring this action to recover damages for injuries that Mrs. Min is alleged to have sustained as the result of a slip and fall at one of Target's stores in Queens, New York, on January 3, 2006. (*See* docket no. 13, Amended Compl. ¶¶ 7–12.) On May 18, 2007, at the third settlement conference before the undersigned, Mr. and Mrs. Min appeared with their then-attorney, Mr. Jeffrey Kim, and a friend, who acted as their interpreter; Target was represented by its counsel, John Connors, and a representative of Target with settlement authority was available by telephone. (*See* minute entry dated 5/18/07.) During the settlement discussions, Mr. and Mrs. Min, who speak Korean and apparently do not speak English, orally agreed, through their interpreter and their attorney, to a settlement of this action by which Target agreed to pay plaintiffs $40,000 in exchange for plaintiffs' dismissal of all their claims, with prejudice. In its May 18, 2007 minute entry, the court noted that the parties had settled the action and ordered the parties to submit a stipulation of dismissal for signature by Judge Sandra L. Townes, no later than June 18, 2007. On May 23,

---

1. Mr. Min was added as a plaintiff to this action by stipulation dated December 18, 2006, and has a claim for deprivation of services and society. (*See* docket no. 12, Stipulation to Amend Complaint, and docket no. 13, Amended Compl. ¶¶ 14.)

2007, Judge Townes entered an order of discontinuance in the case.

Nearly four months later, on September 13, 2007, defendant's counsel wrote a letter to the court requesting a conference, after he had received a letter from plaintiffs "purporting to substitute counsel." (Docket no. 19.)

On September 19, 2007, the undersigned held a status conference at which Mrs. Min was accompanied by her counsel of record, Mr. Kim, as well as a Korean interpreter. Jeffrey Lessoff, Esq., who faxed a letter to the court on September 17, 2007, stating that he was Mrs. Min's incoming counsel, also appeared, but, having failed to file a motion to be substituted as plaintiffs' counsel as required by Local Civil Rule 1.4, was not permitted to participate in the conference. During the conference, Mrs. Min claimed that she had been pressured into the settlement and that she wished to substitute counsel. (*See* minute entry dated 9/19/07.) Target asserted that the parties had reached a valid settlement agreement at the May 18, 2007 settlement conference, and stated that it wished to move to enforce the settlement agreement. The court ordered briefing on Target's motion to enforce the settlement agreement, and directed Mr. Kim and Mr. Lessoff to file appropriate motions to withdraw and substitute counsel for plaintiffs.

In her affidavit submitted in opposition to Target's motion to enforce the settlement agreement, Mrs. Min states that she only speaks and writes in Korean, and does not speak or understand English. (Docket no. 26, Affidavit of Miok Min dated 10/8/07 ("Min Aff.") ¶ 1.) Mrs. Min further states that she did not knowingly or voluntarily settle the case at the May 18th conference, and that she misunderstood her attorney, Mr. Kim, who "speaks English better than he does Korean." (*Id.* ¶ 5.) She further avers:

I heard the words dismissal of the case and thought the Magistrate Judge said I better settle this case for $40,000 dollars or else she would "end" the case. I misunderstood the judge and my lawyer because I felt extreme pressure to settle this matter against my will. This "settlement" was not voluntary. Had I heard or understood that this was [sic] all possibilities that could happen in my case instead of being a directive from a Federal Judge I never would have said yes to any "settlement discussion."

(*Id.*) Mrs. Min also states that she was on pain medication on the day of the conference, which made her "lightheaded" and made her "think less than clearly." (*Id.* ¶ 6.) She states that she requested a number of times to speak to the judge outside the presence of her attorney, Mr. Kim, because she had grown "very disenchanted" with Mr. Kim, felt that he was afraid to try her case, and Mrs. Min did not trust that Mr. Kim was translating everything to her or back to the court. (*Id.* ¶ 7.) Mrs. Min states that she told Mr. Kim privately that the settlement offered by Target was not acceptable, and continues: "I was in too much pain to deal with the constant pressure I received from Mr. Kim to settle and from the Judge who I thought Mr. Kim told me 'Settle or else I will end your case right now.' I know that this was either a translating problem or an accident but it was clear then and is quite clear now that I did not accept $40,000 dollars to settle my case of my own free will." (*Id.*) She states that she had surgery on August 15, 2007, which "proves that I was not making up the pain I was in," and asserts that "[t]he fact that I had extreme language difficulties combined with powerful pain medication should make my alleged settlement a nullity." (*Id.*) Finally, she states that she believes, and her new counsel, Mr. Lessoff, has told her, that she has a meritorious cause of action, and that she

wishes to have her case decided by a jury and not settled for the "inadequate" sum of $40,000. (*Id.* ¶¶ 7, 8.)

Prior to granting Mr. Kim's motion to withdraw as counsel, the court directed him to submit a declaration "setting forth the factual bases for his understanding, based on his participation with plaintiffs and a Korean interpreter at the 5/18/07 settlement conference, regarding: (1) whether Mr. and Mrs. Min understood the terms of the settlement agreement, including that the settlement covered all of plaintiffs' claims for damages arising out of the incident dated 1/3/06, (2) whether Mr. Kim observed Mr. and Mrs. Min state in open court through an interpreter that they accepted the defendant's settlement offer, and (3) whether there is any factual basis for Mrs. Min's mistaken understanding that the court would dismiss her case if she did not accept defendant's settlement offer." (*See* order dated 10/4/07.)

In his declaration submitted in response to the court's order, Mr. Kim states that in preparation for the May 18, 2007 conference, he directed his clients to bring a Korean interpreter that they were both comfortable with and trusted. (Docket no. 24, Declaration of Jeffrey Kim, ¶¶ 2, 3.) Mr. Kim states that during the conference, he was given an "ample amount of time" to discuss the case with his clients, and that he explained to them, in Korean and English with the aid of the Korean interpreter, the terms of the settlement offer. (*Id.* ¶ 7.) He states that: "I observed and acknowledge that the clients stated in open court through the interpreter that they accepted the defendant's settlement offer," and that "There is no factual basis for Mi Ok Min's mistaken understanding that the court would dismiss her case if she did not accept defendant's settlement offer." (*Id.* ¶¶ 8, 9.)

## DISCUSSION

 A settlement agreement, whether oral or memorialized in writing, is a contract interpreted according to general principles of contract law; once entered into, the contract is binding and conclusive. *Powell v. Omnicom,* 497 F.3d 124, 128 (2d Cir.2007) (citation omitted). When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect. *United States v. Bank of New York,* 14 F.3d 756, 759 (2d Cir.1994). Indeed, it is the duty of the court to enforce a settlement agreement which it has approved. *Meetings & Expositions, Inc. v. Tandy Corp.,* 490 F.2d 714, 717 (2d Cir.1974).

Because settlement agreements to end litigation are strongly favored by the courts and may not be lightly cast aside, *Willgerodt of Majority Peoples' Fund for 21st Century, Inc. v. Hohri,* 953 F.Supp. 557, 560 (S.D.N.Y.1997), courts in this circuit have frequently enforced settlement agreements, even when such agreements have not been committed to writing or parties have later stated that they were pressured into settling, where it is evident that the parties intended to be bound by their oral agreement. *See, e.g., Powell,* 497 F.3d 124 (affirming district court order enforcing oral settlement agreement, even when plaintiff accused her counsel of pressuring her into accepting settlement); *Janneh v. GAF Corp.,* 887 F.2d 432 (2d Cir.1989) (enforcing settlement agreement and finding plaintiff's assertion that he signed settlement agreement under pressure from his former counsel to be "frivolous"); *Willgerodt,* 953 F.Supp. at 559 (enforcing settlement agreement where it was "essentially undisputed that the parties reached an oral agreement to settle this case," even though defendant claimed that she had been suffering from depression at

settlement conference and had felt pressured to settle the case).

In the instant case, however, Mrs. Min's affidavit regarding her physical condition and understanding of the negotiations at the May 18, 2007 settlement conference presents a dispute as to whether she voluntarily agreed to settle this action, i.e., whether a valid agreement was reached in the first place. In particular, Mrs. Min's asserted misunderstanding of the settlement negotiations, her claimed inability to think clearly due to her pain and the effect of pain medication, and her sense of pressure to settle the action, raise doubts as to whether her agreement was voluntary and whether it would be appropriate to enforce the oral settlement agreement reached by the parties.

Target correctly points out that Mrs. Min's focus in her affidavit on her former counsel's Korean language ability is irrelevant, given that the Mins arranged for their friend to act as their interpreter at the May 18th conference, not Mr. Kim. (Docket no. 27, Affirmation of John P. Connors, Jr., ¶ 3.) Target also notes that at no point in the conference did Mrs. Min, Mr. Min, the interpreter or Mr. Kim indicate that Mrs. Min was unable to understand what was being said, or that the interpreter improperly or inadequately interpreted the settlement. (*Id.* ¶ 4.) As noted above, Mr. Kim has averred that he explained the terms of the settlement offer to the Mins with the help of the interpreter, that he observed the Mins accept the offer, and that there was "no factual basis for [Mrs. Min's] mistaken understanding that the court would dismiss her case if she did not accept the defendant's settlement offer."

The court's recollection of the settlement conference is consistent with the accounts of both counsel for Target and the Mins' former counsel, Mr. Kim. The Mins' interpreter never indicated that Mrs. Min stated that her mind was not clear or that she felt "pressured" to settle the action. Per the court's customary practice with regard to settlement conferences, however, no audio recording was made of the May 18th settlement conference, making it impossible for the court to confirm by review of the recording, and with the assistance of a Korean interpreter, whether the Mins' interpreter was accurately interpreting the substance of the settlement discussions. Given these circumstances, and the court's doubts that an evidentiary hearing is likely to satisfactorily resolve Mrs. Min's claims regarding her lack of understanding and agreement regarding the settlement, the court regrettably must recommend that the settlement agreement not be enforced. *See Yuk Shau Mui v. Wing,* 765 F.2d 147 (6th Cir.1985) (vacating district court order enforcing settlement agreement where plaintiff, Chinese speaker, stated that neither she nor her translator "were very conversant in the English language"); *Autera v. Robinson,* 419 F.2d 1197 (D.C.Cir.1969) (reversing district court order enforcing settlement agreement where plaintiff averred, *inter alia,* that she did not speak English well and did not understand the terms of the settlement agreement). The court appreciates the good faith of Mr. Kim and Mr. Connors in their settlement negotiations before this court.

## CONCLUSION

For the reasons above, the court respectfully recommends that Target's motion to enforce the settlement agreement alleged to have been reached on May 18, 2007 be denied.

Plaintiffs' counsel shall initiate a telephone status conference at 4:30 p.m. on March 19, 2008, to discuss the scheduling of remaining discovery and defendants' anticipated pre-motion conference request to Judge Townes.

Any objections to this Report and Recommendation must be filed with Judge Townes within ten days of the date of its entry. Failure to object within ten days of the date of entry of this Report and Recommendation will preclude appellate review by the District Court. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 6.3; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Servs.,* 892 F.2d 15 (2d Cir.1989). Any requests for extensions of time to file objections should be made to Judge Townes.

**SO ORDERED.**