**Dona J. JACKSON, Plaintiff–Appellant,**

v.

**HEIDELBERG L.L.C., Defendant–Appellee.**

No. 06–4790–cv.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2008.

Dona J. Jackson, pro se.

William G. Bauer, Woods Oviatt Gilman LLP, Rochester, NY, for defendant-appellee.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, JANE R. ROTH,[1] Circuit Judges.

## SUMMARY ORDER

Plaintiff Dona J. Jackson appeals from a judgment of the District Court, entered October 11, 2006, enforcing the terms of a settlement agreement made in open court on February 6, 2006. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, plaintiff argues principally that the settlement agreement with defendant Heidelberg L.L.C.—her former employer—is unenforceable for two reasons: (1) plaintiff agreed to the settlement under duress, after the District Court, defendant, and a state prosecutor conspired to deprive her of her constitutional rights; and (2) the terms of the settlement were not sufficiently defined in the agreement reached in open court. In reviewing a district court's decision whether to enforce a settlement agreement, we review conclusions of law *de novo* and findings of fact for clear error. *See Ciaramella v. Reader's Digest Ass'n, Inc.,* 131 F.3d 320, 322 (2d Cir.1997).

Upon review of the record before us, we find no evidence that plaintiff agreed to the settlement under duress, or that the District Court conspired with defendant or state prosecutors against plaintiff. *See Kamerman v. Steinberg,* 891 F.2d 424, 431 (2d Cir.1989) (holding that to show duress, plaintiff must demonstrate that an unlawful threat was made that caused her involuntarily to accept a contract because the circumstances permitted no alternative). In this case, the settlement negotiations were mediated by a magistrate judge and took place in a United States courthouse. Plaintiff was represented by counsel and accompanied by her husband. Moreover, plaintiff never indicated on the record that she felt threatened or coerced during the negotiations. Under these circumstances, and with only plaintiff's bare allegations to the contrary, we cannot conclude that the settlement agreement was reached under duress.

We agree with the District Court that the settlement agreement reached in open court is enforceable. A district court has the power to enforce a settlement agreement reached in a case pending before it

---

1. The Hon. Jane R. Roth, of the United States Court of Appeals for the Third Circuit, sitting by designation.

where there was a "voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record." *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir.2005). A settlement stipulated to by the parties in court is binding even if a party has a "change of heart" between the date of the stipulated agreement and when the agreement is reduced to writing. *See Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir.2007).

We have previously held that, when determining whether a stipulated settlement agreement is binding and enforceable in the absence of a writing, a court should consider four factors:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Ciaramella*, 131 F.3d at 323; *see also id.* (stating that no single factor is "decisive"). The District Court reviewed each of these factors before issuing its decision. (*See* Decision and Order, Sept. 19, 2006, at 5–9.)

As to the first factor, we agree with the District Court that there is no indication that the parties did not intend that the settlement agreement stipulated to in open court would not be binding. To the contrary, plaintiff stated unequivocally that she agreed with the terms of the settlement after the District Court reviewed those terms with her on the record. (Transcript of Proceedings, Feb. 6, 2006, at 6.)

Regarding the second factor, the only performance required—in addition to reducing the agreement to writing—was that defendant pay the settlement amount. Defendant delivered to plaintiff a written agreement, which plaintiff refused to sign. Under these circumstances, there has been partial performance of the contract. *See, e.g., United States v. United States Currency in the Sum of $660,200*, 423 F.Supp.2d 14, 28–29 (E.D.N.Y.2006) (concluding that the exchange of draft settlement documents memorializing a court-supervised settlement agreement constituted partial performance).

Regarding the third factor, all relevant terms were agreed to in the settlement placed on the record in open court—defendant would pay plaintiff a lump sum for personal injuries, neither side would admit wrongdoing or liability, plaintiff would sign a release and confidentiality agreement, and plaintiff would not seek employment with defendant or other designated companies. (*See* Transcript of Proceedings, Feb. 6, 2006, at 4–6).

Fourth and finally, we have previously noted that the stipulation to a settlement in open court may "function[ ] in a manner akin to that of a memorializing writing." *Powell*, 497 F.3d at 131. Based on the record before us, we find no basis to question the accuracy of the terms stipulated on the record, or to doubt that the "parties' acceptance [wa]s considered and deliberate." *Id.* We further note that the terms of this settlement were not so complex as to require a written agreement to ensure that they could be fully understood. *See Ciaramella*, 131 F.3d at 326 (noting that "the complexity of the underlying agreement is an indication of whether the parties reasonably could have expected to bind themselves orally"). Therefore, in light of all four *Ciaramella* factors, we conclude that the settlement agreement was binding and enforceable.

We have reviewed all remaining claims, including those challenging the District

Court's September 29, 2006 order denying plaintiff's motion for reconsideration, and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.