**Karen M. BASTEDO, Plaintiff,**

v.

**NORTH ROSE–WOLCOTT CENTRAL SCHOOL DISTRICT, Defendant.**

**No. 10–CV–6162L.**

United States District Court, W.D. New York.

March 14, 2013.

Karen M. Bastedo, Clyde, NY, pro se.

Aimee Lafever Koch, Osborn, Reed & Burke, LLP, Rochester, NY, for Defendant.

## DECISION AND ORDER

DAVID G. LARIMER, District Judge.

Plaintiff Karen Bastedo, appearing *pro se*, commenced this action against her former employer, defendant North Rose–Wolcott Central School District, alleging causes of action for discrimination and retaliation pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq., and the New York Human Rights Law, N.Y. Exec. Law § 290 et seq.

Familiarity with the pertinent facts is presumed. The District now moves to compel enforcement of an oral settlement agreement between the parties which took place on or about April 17, 2012. Plaintiff objects, contending that her agreement to the settlement was procured by a misrepresentation concerning a material fact. For the reasons set forth below, the District's motion to enforce the settlement (Dkt. # 25) is denied.

## DISCUSSION

### I. The Facial Validity of the Settlement Agreement

"A settlement agreement is a contract that is interpreted according to

general principles of contract law. Once entered into, the contract is binding and conclusive." *Powell v. Omnicom, BBDO/ PHD,* 497 F.3d 124, 128 (2d Cir.2007). A district court "has the power to enforce summarily, on motion, a settlement agreement reached in a case ... pending before it." *Delyanis v. Dyna–Empire, Inc.,* 465 F.Supp.2d 170, 173 (E.D.N.Y.2006). *See also Hostcentric Technologies, Inc. v. Republic Thunderbolt, LLC,* 2005 WL 1377853, 2005 U.S. LEXIS 11130 (S.D.N.Y. 2005); *Sorensen v. Consolidated Rail Corp.,* 992 F.Supp. 146 (N.D.N.Y.1998). A "preliminary" oral agreement, entered into in anticipation of a later writing memorializing its terms, is no less binding than a written agreement, so long as the parties have not expressly reserved the right not to be bound in the absence of a writing. *See e.g., Garibaldi v. Anixter,* 533 F.Supp.2d 308 (W.D.N.Y.2008).

Initially, I find that the parties entered into a settlement agreement which was, on its face, valid. Neither party reserved the right not to be bound in the absence of a written agreement. The "deliv[ery] to plaintiff [of] a written agreement" memorializing the agreed-upon terms satisfied the requirement of partial performance. *Jackson v. Heidelberg,* 296 Fed.Appx. 102 (2d Cir.2008). The parties appear to have agreed on all of the material terms of the contract, most significantly the settlement amount, and plaintiff's correspondence with defendant's counsel confirms that a settlement had been reached, and contains questions touching upon only minute details concerning the form of the written agreement. I determine that none of these matters creates an issue as to whether a settlement had in fact been reached between the parties.

While I therefore find that the parties did enter into a settlement agreement that is valid on its face, the Court must also address plaintiff's allegation that "all [set-tlement] negotiations were based on deceptive information" such that the settlement should not be enforced. (Dkt. # 28 at ¶ 7.)

## II. Plaintiff's Right of Rescission

██ Under New York law, a party who has entered into a settlement agreement based on a misrepresentation of material fact may seek to rescind the agreement, or else to ratify it and sue for damages. *See Slotkin v. Citizens Casualty Company of New York,* 614 F.2d 301, 312 (2d Cir.1979). Here, in requesting that the Court not enforce the settlement, plaintiff appears to be seeking rescission of the settlement agreement.

██ Whether a particular fact is "material" to a settlement turns on whether the party would have settled "but for" the misrepresentation. In the context of insurance coverage, the existence and amount of a party's coverage is a fact that is generally considered to be material to settlement. *See Slotkin,* 614 F.2d 301 (plaintiff was entitled to rescind settlement agreement where defendants misrepresented the amount of insurance coverage available, and plaintiff entered into settlement agreement before learning of the true extent of coverage). *See generally Eigen v. Textron Lycoming Reciprocating Engine Division,* 874 A.2d 1179, 1186 (Super.Ct.Pa.2005) ("full and complete information regarding insurance coverage is essential to the settlement process"), *cited by Wall v. CSX Transportation,* 471 F.3d 410, 419 (2d Cir.2006).

Here, plaintiff contends that the District's counsel "falsely" represented to her at a conference on February 8, 2012 that the District did not have liability insurance coverage relative to this matter. Apparently, the facts concerning coverage, or lack of it, were not communicated directly to plaintiff, but through a Magistrate

Judge or Chambers personnel who were acting as intermediaries between the parties. There were no direct face-to-face meetings between plaintiff and the District's counsel at this juncture. Therefore, what was conveyed to plaintiff came from the Magistrate Judge's Chambers and not directly from the District.

Plaintiff states that she later learned that the District had "liability insurance" after she reviewed the draft of the Settlement Agreement and Release, which made mention of an insurance company later identified by the District as a "liability carrier," (Dkt. # 25–14 at 2). Plaintiff insists that she would not have settled had she known that any liability insurance coverage existed. She immediately raised the issue in a May 21, 2012 letter to the District's counsel, and asked why the settlement agreement draft named an insurance carrier, when she had previously been informed that the District was rejecting her initial settlement demand because it lacked insurance coverage. (Dkt. # 25–13 at 2).

The District does not now dispute that it did provide *some* information about the extent of its coverage to the Magistrate Judge for transmittal to plaintiff.

In post-hearing reply papers, the District has set forth the precise extent of its liability insurance coverage, which it alleges was accurately conveyed to the Magistrate Judge at the February 8, 2012 conference. The District confirms that it does not have indemnity coverage for the claims plaintiff asserts. It does however, have insurance which covers the costs of defending the instant action.

Determining precisely how this information was conveyed to plaintiff during the settlement negotiations is complicated by the fact that plaintiff does not appear to appreciate the distinction between the type of liability insurance that the District does have, which merely covers the costs of litigation and would not provide a source of funds for a settlement, and the type of liability insurance the District does *not* have—that is, the kind of indemnity insurance coverage that could fund a settlement. (Dkt. # 30 at ¶ 6, Dkt. # 32 at ¶¶ 5, 9, 10). The fine distinctions now made between the types of insurance coverage may well have eluded plaintiff. As such, it is impossible for the Court to determine whether an affirmative misrepresentation was made by or on behalf of the District, or whether the information was correctly presented to plaintiff and innocently misunderstood.

Nonetheless, because plaintiff insists that she would not have agreed to settle the case had she known that the District had *any* liability insurance, and given plaintiff's rapid action to question the settlement as soon as the specter of an insurance carrier was raised, I will accept as true plaintiff's testimony that the extent and/or nature of the District's insurance coverage were not fully disclosed to her, in a manner that she understood, prior to settlement.

Plaintiff is, of course, proceeding *pro se.* As such, she is not as knowledgeable as an attorney would be concerning the types of insurance coverage. A settlement involving claims such as plaintiff's should be based on a clear understanding of all terms. I find, therefore, that this settlement agreement was procured, in part, by an ambiguous representation to plaintiff, as to the nature of the District's insurance coverage. On this record, I do not find that the District intentionally provided false information. Because the resulting agreement was procured by a misrepresentation, however unintentional, and because plaintiff has requested that the settlement be rescinded, I find and declare that the settlement agreement entered into by the parties on or about April 17, 2012 is rescinded, and cannot be enforced.

## CONCLUSION

For the foregoing reasons, the District's motion to enforce the settlement agreement (Dkt. # 25) is DENIED.[1]

IT IS SO ORDERED.

---

1. It may still be possible for the parties to reach a settlement, now that plaintiff appreciates the distinction between the types of coverage, although the District's ardor to do so may be dampened somewhat by what has occurred here. Nevertheless, the parties must negotiate in good faith.

Litigation in federal court is not uncomplicated and plaintiff should understand that fact. In any event, the parties should conclude pre-trial matters before the Magistrate Judge and proceed toward trial if that is what plaintiff intends to do.